IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

THE BANK OF NEW YORK MELLON
TRUST COMPANY, NATIONAL
ASSOCIATION FKA THE BANK OF
NEW YORK TRUST COMPANY, N.A.
AS SUCCESSOR TO JPMORGAN
CHASE BANK, AS TRUSTEE FOR
RESIDENTIAL ASSET SECURITIES
CORPORATION HOME EQUITY
MORTGAGE ASSET-BACKED PASS
THROUGH CERTIFICATES SERIES
2003-KS10,
          Plaintiff,

-vs-

ALLAN MILLARD, CINDY LYNN
MILLARD, and THE KHEROOT
IRREVOCABLE TRUST,
          Defendants.

CAUSE NO.:
A-15-CA-01035-SS

## ORDER

BE IT REMEMBERED on the 12th day of July 2017, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Plaintiff Bank of New York Mellon Trust Company, National Association FKA the Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2003-KS10 (Plaintiff)'s Motion for Summary Judgment [#91], Defendants Allan Millard, Cindy Lynn Millard, and The Kheroot Irrevocable Trust (collectively, Defendants)'s Response [#97] in opposition, and Plaintiff's Reply [#98] in support; as well as



Defendants' Motion for Summary Judgment [#93] and Plaintiff's Response [#94] in opposition.[1] Having reviewed the documents, the governing law, the arguments of the parties at the hearing, and the file as a whole, the Court now enters the following opinion and orders.

## Background

This lawsuit involves a claim for judicial foreclosure of real property located in Williamson County at 150 Arabian Avenue North, Liberty Hill, Texas 78642 (the Property), more particularly described as:

> LOT 28, REPLAT OF LOTS 13 THROUGH 28 AND 63, SUNDANCE RANCH NORTH, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN CABINET Q, SLIDE 80 OF THE RECORDS OF WILLIAMSON COUNTY, TEXAS, AND CORRECTED IN DOCUMENT NO. 9938968 OFFICIAL RECORD WILLIAMSON COUNTY, TEXAS.

*See* Pl.'s Mot. Summ. J. [#91-1] Ex. A-2 (Security Instrument) at 15.

On August 9, 1999, the Millards purchased the Property by obtaining a loan from Cornerstone Mortgage Company (CMC). On September 3, 2003, the Millards refinanced that loan with a home equity loan from CMC in the amount of $288,000. *See* Security Instrument; *see also* Pl.'s Mot. Summ. J. [#91-1] Ex. A-1 (Note). Together, the Note and Security Instrument are referred to as the Loan.

On September 29, 2003, CMC executed an assignment of the Loan to Mortgage Electronic Registration Systems, Inc. (MERS). *Id.* [#91-9] Ex. I (Assignment to MERS) at 2. MERS then assigned the Loan to The Bank of New York Mellon Trust Company, National Associate fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee (BNYMTC), which subsequently assigned the Loan to Plaintiff. *Id.*

---

[1] The Court also considered Defendants' Motion for Extension of Time to File Response [#95], which it hereby DISMISSES AS MOOT.

(Assignment to BNYMTC) at 4; *id.* (Assignment to Plaintiff) at 6–7. Plaintiff is the current mortgagee on the Loan.

On June 22, 2009, the Millards transferred the Property to the Kheroot Irrevocable Trust (the Trust) via a quitclaim deed. *Id.* [#91-10] Ex. J (Quitclaim Deed). The Trust, which continues to hold the record title of the Property, did not assume the Loan. *Id.* [#91-21] Ex. N-2 (Allan Millard Dep.) at 53:21–54:2; *id.* Ex N-1 (Cindy Millard Dep.) at 101:7–11.

The Millards first defaulted on the Loan on September 1, 2005. As a result, the Millards were sent a notice of default and intent to accelerate on October 10, 2005 (2005 Notice of Default). *Id.* [#91-11] Ex. K-1 (MERS' Rule 736 Application for Foreclosure) at 9. A notice of acceleration was sent on December 12, 2005 (2005 Notice of Acceleration). *Id.* On December 16, 2005, MERS, the mortgagee at the time, filed a Rule 736 Application in state court for foreclosure, which was granted on May 1, 2006 (2006 Order of Foreclosure). *See id.* Ex. K (state court docket sheet indicating Rule 736 application granted).

To stay the 2006 Order of Foreclosure, the Millards filed a lawsuit in this Court on June 5, 2006, naming as defendants MERS, CMC, J.P. Morgan Chase Bank, and The Bank of New York. *See Millard v. Mortg. Elec. Registration Sys., Inc.*, No. 06-CV-00423-SS (W.D. Tex. Jan. 17, 2008) (the First Lawsuit). The case eventually settled, and on January 17, 2008, this Court entered a judgment dismissing the case with prejudice. Order of Jan. 17, 2008 [#119], the First Lawsuit.

The Millards continued to submit payments on the Loan from February 2008 through September 2009, but defaulted on their October 2009 payment. On November 2, 2009, the Millards were sent a second notice of default and intent to accelerate. Pl.'s Mot. Summ. J. [#91-2] Ex. B-1 (2009 Notice of Default). A notice of acceleration was sent on January 7, 2010. *Id.*

Ex. B-2 (2010 Notice of Acceleration). On April 8, 2010, a notice of rescission was sent to the Millards informing them that any prior acceleration of the Loan was rescinded. *Id.* Ex. B-3 (2010 Notice of Rescission).

The Millards again defaulted on the Loan by failing to make their August 1, 2010 payment. As a result, the Millards were sent a third notice of default and intent to accelerate on October 4, 2010. *Id.* Ex. B-4 (2010 Notice of Default). A notice of acceleration was sent to the Property, the Millards' last known mailing address, on February 4, 2011. *Id.* Ex. B-5 (2011 Notice of Acceleration).

On November 28, 2012, the Millards filed their second lawsuit in this Court, this time naming The Bank of New York Mellon Trust Company, National Association, as the defendant. *See Millard v. The Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n*, No. 12-CV-1094-SS (W.D. Tex. Nov. 28, 2012) (the Second Lawsuit). The Court granted the defendant's motion for judgment on the pleadings, finding the Second Lawsuit was barred by res judicata in light of the judgment issued in the First Lawsuit. Order of Jan. 30, 2013 [#14], the Second Lawsuit.

On February 8, 2014, a notice of rescission was sent by certified mail to the Millards at the Property address, the Millards' last known address, informing them that any prior acceleration of the Loan was rescinded. Pl.'s Mot. Summ. J. [#91-2] Ex. B-6 (2014 Notice of Rescission).

On December 11, 2014, the Millards were sent a fourth notice of default and notice of intent to accelerate. *Id.* [#91-3] Ex. C-1 (2014 Notice of Default). The Millards failed to cure the default within thirty days. On January 12, 2015, the Millards were sent a notice of acceleration advising them that "[a]ll unpaid principal and accrued interest on the Note [were] due and payable." *Id.* Ex. C-2 (2015 Notice of Acceleration) at 13. The Millards admit to receiving both

the 2014 Notice of Default and the 2015 Notice of Acceleration. The default has not been cured. As of June 29, 2017, the total amount due under the terms of the Loan is $451,549.10. *Id.* [#91-1] Ex. A (Sony Prudent Decl.) ¶ 8.

Plaintiff filed this lawsuit on November 16, 2015. *See* Compl. [#1]. On July 3, 2017, Plaintiff moved for summary judgment, arguing it is entitled to a judgment of judicial foreclosure and writ of possession because there is a valid lien on the Property and an uncured default under the terms of the Loan. Pl.'s Mot. Summ. J. [#91]. Defendants filed a cross-motion for summary judgment in which they argue Plaintiff's claim is barred by the four-year statute of limitations. Defs.' Mot. Summ. J. [#93]. These motions have been fully briefed by the parties and are now ripe for the Court's consideration.

## Analysis

### I. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. An*derson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh

the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

To foreclose under a security instrument with a power of sale, Texas law requires the lender or its assignee to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien

6

created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) Defendants are in default under the note and security instrument; and (4) Defendants received notice of default and acceleration. See TEX. PROP. CODE § 51.002.

A valid lien exists in this case. The record reveals the Millards executed the Security Instrument on the Property on September 5, 2003. Security Instrument at 13. The Security Instrument creates a lien on the Property and authorizes foreclosure upon default. The existence of the Millards' uncured default is shown by the 2014 Notice of Default and the 2015 Notice of Acceleration. Defendants do not dispute they failed to cure the default. See Defs.' Resp. [#93] at 5–8; Defs.' Mot. Summ. J. [#97] at 5–11.

Nevertheless, Defendants argue Plaintiff's foreclosure action is barred by the statute of limitations.[2] Under Texas law, a lender must bring "the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). When a note contains an optional acceleration clause, as it does here, the foreclosure cause of action accrues upon acceleration. *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "To effectively accelerate the payment of note, the noteholder, must provide '(1) notice of intent to accelerate and (2) notice of acceleration.'" *Smither v. Ditech Fin., L.L.C.*, No. 16-20392, 2017 WL 958314, at *4 (5th Cir. Mar. 10, 2017) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). A noteholder may abandon acceleration by written notice, Tex. Civ. Prac. & Rem. Code § 16.038(b), or "by agreement or other action of the parties." *Khan*, 371 S.W.3d at 353. "If

---

[2] Defendants claim the statute of limitations expired, at the earliest, on December 12, 2009, four years after the 2005 Notice of Acceleration was sent to the Millards. However, Plaintiff submitted evidence that it accepted incremental payments on the Loan from February 2008 through September 2009, thereby abandoning the 2005 Notice of Acceleration. *See, e.g., Wheeler v. U.S. Bank Nat'l Ass'n*, No. CV H-14-0874, 2016 WL 554846, at *6 (S.D. Tex. Feb. 10, 2016) (holding the defendant-bank abandoned its notice of acceleration when it "accepted payments that were less than the full amount due on the Note"). In the alternative, Defendants argue the statute of limitations expired on February 4, 2015, because Plaintiff failed to abandon its 2011 Notice of Acceleration. The Court addresses the merits of this argument below.

acceleration is abandoned before the limitations period expires, the note's original maturity date is restored and the noteholder is no longer required to foreclose within four years from the date of acceleration." *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 697 (5th Cir. 2015) (applying Texas law).

Plaintiff triggered § 16.038(a)'s four-year statute of limitations when it sent the Millards its notice of acceleration on February 4, 2011. Plaintiff did not file this lawsuit for judicial foreclosure until November 16, 2015, more than four years after the 2011 Notice of Acceleration was sent to the Millards. If the applicable accrual date for the statute of limitations is the date the 2011 Notice of Acceleration was sent, Plaintiff's judicial foreclosure is time-barred.

Plaintiff maintains, however, that it abandoned the 2011 Notice of Acceleration when it sent a notice of rescission on February 8, 2014. The 2014 Notice of Rescission, which was sent by certified mail to the Millards, stated the trustee of the Loan "rescinds Acceleration of the debt and maturity of the Note" and indicated the Loan was now in effect "as though no acceleration took place." 2014 Notice of Rescission at 33.

Defendants argue, however, that the 2014 Notice of Rescission was ineffective because the Millards never received the notice and the notice itself contains no proof of service. The Court need not address these arguments in order to find the 2011 Notice of Acceleration was abandoned. In addition to sending a notice of rescission to the Millards on February 8, 2014, Plaintiff mailed a notice of default to the Millards on December 11, 2014, in which Plaintiff requested less than the full amount of the Loan. The Fifth Circuit has expressly recognized that a lender may unilaterally abandon acceleration of a note "by requesting payment on less than the full amount of the loan." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105–06 (5th Cir. 2015) (quoting *Leonard*, 616 F. App'x at 680); *see also Alvarado v. U.S. Bank Nat'l Ass'n*, 652 F.

App'x 305, 307 (5th Cir. 2016). By seeking to collect less than the full amount of the Loan in the 2014 Notice of Default, Plaintiff abandoned the 2011 Notice of Acceleration. As a result, Plaintiff's claim is not barred by the statute of limitations.

Having viewed the facts in the light most favorable to Defendants, the Court finds Plaintiff is entitled to summary judgment on its judicial foreclosure claim and therefore denies Defendants' motion for summary judgment. In addition to a judgment of foreclosure, Plaintiff requests a judgment for writ of possession. "A writ of possession is . . . employed to enforce a judgment to recover the possession of land[] . . . [and] commands the sheriff to enter the land and give possession of it to the person entitled under the judgment.'" *Acevedo v. Stiles*, No. 04-02-00077-CV, 2003 WL 21010604, at *1 (Tex. App.—San Antonio May 7, 2003, pet. denied) (citation omitted). Under Texas Rule of Civil Procedure 310, a party seeking to foreclose on a property "is entitled to a writ of possession" once the court renders a judgment of foreclosure. *King v. Deutsche Bank National Trust Co.*, No. 1:14-cv-740-LY, 2016 WL 3221172, at *2 (W.D. Tex. April 12, 2016) (citing TEX. R. CIV. P. 310). Having concluded Plaintiff is entitled to a judgment of foreclosure, the Court grants Plaintiff's request for a judgment of writ of possession.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment [#91] is GRANTED;

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [#93] is DENIED; and

IT IS FINALLY ORDERED that Defendants' Motion for Extension of Time to File Response [#95] is DISMISSED AS MOOT.

SIGNED this the 10th day of August 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE